IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER WAYNE HAAKENSTAD,

                Petitioner,

v.

MICHAEL MEISNER,

                Respondent.

OPINION & ORDER

15-cv-536-jdp

---

      Petitioner Christopher Haakenstad is a Wisconsin prisoner currently on extended supervision. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 conviction in the Wisconsin Circuit Court for Saint Croix County. Petitioner has paid the $5 filing fee, and so the next step is for me to conduct a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." In screening a pro se litigant's petition, I must read the allegations of the petition generously. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). After reviewing the petition with this principle in mind, I conclude that petitioner may proceed with his habeas claims. But because the petition includes at least one claim for which petitioner has not exhausted his state remedies, I will direct petitioner to indicate how he wishes to proceed.

BACKGROUND

      On November 18, 2010, law enforcement officers executed a search warrant for petitioner's apartment. Based on the results of the search, the officers arrested petitioner and

the state charged him with one count of possession with intent to deliver methamphetamine, one count of possession of THC, and one count of possession of drug paraphernalia. Petitioner moved the state court to suppress the evidence seized during the search, alleging that the supporting affidavit for the search warrant had omitted material information that would have affected the issuing court's probable cause determination. The state court held a hearing to determine whether petitioner had made a "substantial preliminary showing" that would entitle him to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and *State v. Mann*, 123 Wis. 2d 375, 367 N.W.2d 209 (1985). Brent Standaert, the officer who submitted the affidavit in support of the warrant, did not testify. But another officer who provided Standaert with the information that went into the affidavit did testify. The state court denied petitioner's motion to suppress. Petitioner later pleaded guilty to possessing with intent to deliver methamphetamine, and the state dismissed the remaining charges.

    Several months later, petitioner filed a postconviction motion with the assistance of new counsel. He alleged that the state court had erred in denying his motion to suppress without ascertaining Standaert's state of mind. But petitioner's postconviction counsel based the motion on the incorrect assumption that the state court had conducted a *Franks/Mann* hearing on petitioner's motion to suppress. At a hearing on the postconviction motion, petitioner's trial counsel testified that the hearing on the motion to suppress had been only a preliminary hearing to determine whether a *Franks/Mann* hearing was necessary. Faced with this clarification, petitioner's postconviction counsel acknowledged that the postconviction motion was baseless. The state court therefore denied the postconviction motion.

    Petitioner appealed his conviction and the trial court's denial of his postconviction motion. The Wisconsin Court of Appeals affirmed, and the Wisconsin Supreme Court denied

review on August 5, 2015. Petitioner filed a petition for a writ of habeas corpus in this court on August 24, 2015.

ANALYSIS

Petitioner asserts the following grounds for habeas relief:

1. The state courts' decisions were contrary to or involved an unreasonable application of federal law because the hearing that took place was, in fact, a *Franks* hearing;

2. Petitioner was not afforded the opportunity to fully litigate his Fourth Amendment challenge to the search warrant that led to his arrest; and

3. Petitioner's counsel was ineffective for failing to argue that a *Franks* hearing had occurred.[1]

With regard to the first two claims, petitioner alleges that he raised these grounds for relief through his direct appeal and through a postconviction motion. It appears that petitioner has exhausted his state court remedies for these claims and that they are timely and not plainly without merit. But since filing his habeas petition, petitioner has moved to dismiss his claim for ineffective assistance of counsel because he has not presented it to the state courts for review. Dkt. 4. I am willing to grant petitioner's motion, but I must first confirm that petitioner understands the potential consequences of dismissing this claim and continuing with the rest of the case.

State prisoners typically receive only one opportunity to pursue habeas relief in federal court. This means that it is to a petitioner's advantage to include every available habeas claim in his first petition. Here, petitioner has a "mixed petition," meaning that he presents some exhausted claims and some unexhausted claims. Under these circumstances,

---

[1] Petitioner contends that his trial counsel and his appellate counsel were both ineffective. *See* Dkt. 2, at 12-17.

petitioner has two options: he "may withdraw [the] mixed petition, exhaust the remaining claims, and return to district court with a fully exhausted petition," or he "may proceed with only the exhausted claims, but doing so risks subjecting later petitions that raise new claims to rigorous procedural obstacles." *Burton v. Stewart*, 549 U.S. 147, 154 (2007). Put differently, if petitioner chooses to dismiss his ineffective assistance of counsel claims now and proceed with his Fourth Amendment and *Franks/Mann* claims, then any later habeas petition raising the ineffective assistance of counsel claims would be a "second or successive habeas corpus application" for purposes of 28 U.S.C. § 2254. This means that petitioner would first have to move the appropriate court of appeals for permission to file his second petition in this court, and he would have to satisfy one of the exceptions for failing to present his ineffective assistance of counsel claims in this petition. *See* 28 U.S.C. § 2254(b).

    I will give petitioner a short deadline to choose between the two options that I have identified: (1) he can dismiss his unexhausted claims and proceed with his exhausted claims; or (2) he can dismiss the entire case and file a new habeas petition once he has exhausted all of his claims. Within three weeks of this order, petitioner must file a notice explaining which of these options he is choosing. If petitioner fails to timely respond, then I will grant his motion to dismiss the ineffective assistance of counsel claims and serve respondent with the remaining claims in the petition because that appears to be what petitioner wants to do at this point.

    One final point. Because petitioner is on extended supervision, the proper respondent in this case is petitioner's probation or parole officer. Thus, in responding to this order, petitioner should provide the name of his probation or parole officer so that I can amend the caption to identify this person as the respondent.

ORDER

IT IS ORDERED that petitioner Christopher Haakenstad may have until April 26, 2016, to file a notice with the court indicating whether he wants to proceed with his exhausted claims or dismiss the entire case. Petitioner should also include the name of his probation or parole officer. If petitioner fails to timely respond, then I will grant his motion to dismiss, Dkt. 4, and order service of this petition on respondent.

Entered April 5, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge