IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER WAYNE HAAKENSTAD,

        Petitioner,

 v.

MICHAEL MEISNER,

        Defendant.

OPINION & ORDER

15-cv-536-jdp

---

  Pro se petitioner Christopher Haakenstad seeks a writ of habeas corpus under 28 U.S.C. § 2254. I screened his petition on April 5, 2016. Dkt. 8. In my April 5, 2016 order, I explained that Haakenstad had presented a mixed petition: he had exhausted state remedies for some, but not all, of his claims. I directed Haakenstad to file a notice indicating whether he wanted me to (1) dismiss his unexhausted claims and proceed with his exhausted claims or (2) dismiss his entire petition so that he could exhaust his unexhausted claims. *Id.* I set the deadline for Haakenstad's response to April 26, 2016, and I noted that if he fails to respond, then I would dismiss the unexhausted claims and direct the state to address the exhausted claims. *Id.* The clerk's office sent my order to two different addresses that the court had on file for Haakenstad:

- 11760 Eldorado Street, Apt. 313 Coon Rapids, MN 55433; and
- 1206 4th Street SE Apt. 204 Minneapolis, MN 55414.

For each address, the copy of my order was returned back to the clerk's office as undeliverable. *See* Dkt. 9 and Dkt. 10. The clerk's office then called Haakenstad's probation officer to determine his whereabouts. It turned out that Haakenstad had absconded. Dkt. 11. Thus, on May 11, 2016, I dismissed Haakenstad's petition for failure to prosecute. Dkt. 12. I

also explained in my order that I would dismiss the petition without prejudice and that Haakenstad could file a new petition. *Id.* Judgment was entered dismissing the petition without prejudice on the same day. Dkt. 13.

Haakenstad has not filed a new petition, but instead—four months after the entry of judgment—he now moves to vacate the May 11, 2016 judgment. Although Haakenstad does not identify a particular Federal Rule of Civil Procedure on which he bases his motion, I will construe his motion as a motion under Rule 60 for relief from a judgment. And I will deny the motion. Contrary to Haakenstad's contentions, the clerk's office made no mistake as to his address and he had abandoned his petition by absconding.

Haakenstad first alleges that the clerk's office mistakenly sent my April 2016 order to a wrong address and states that his correct address was 1206 4th Street SE, Apartment 204, Minneapolis, MN 55414. Dkt. 16. According to Haakenstad, the clerk's office sent my order to Apartment 240, not Apartment 204, and had the clerk's office sent the order to the correct address, he would have responded to the April 2016 order on time. Haakenstad is mistaken. The clerk's office did in fact send the order to the correct address, as the returned mail shows. *See* Dkt. 10. And, in any event, my decision to dismiss the petition was based on Haakenstad's abscondence, not his failure to respond on time.

Haakenstad also contends that, even though he had absconded, I knew as of May 11, 2016, that that he was in custody. According to Haakenstad, it was "arbitrary and capricious" for me to dismiss the petition based on his abscondence when in fact I knew where he was. Dkt. 16. This argument lacks merit. Haakenstad does not dispute that he had absconded. His abscondence was a clear indication that he no longer wished to pursue his habeas petition.

From what I could tell, Haakenstad clearly did not wish to be found by the law enforcement, so nothing suggested that he wished to be found in court litigating his case.

Accordingly, IT IS ORDERED that petitioner Christopher Haakenstad's motion to vacate judgment, Dkt. 16, is DENIED.

Entered September 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge