IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER WAYNE HAAKENSTAD,

                Petitioner,

v.

MICHAEL MEISNER,

                Respondent.

OPINION & ORDER

15-cv-536-jdp

---

Pro se petitioner Christopher Haakenstad seeks a writ of habeas corpus under 28 U.S.C. § 2254. I screened his petition and determined that Haakenstad presented a mixed petition: he had exhausted state remedies for some, but not all, of his claims. Thus, on April 5, 2016, I directed Haakenstad to file a notice indicating whether he wished to (1) dismiss his unexhausted claims and proceed with his exhausted claims or (2) dismiss his entire petition so that he could exhaust his unexhausted claims. *Id.* When the court had not heard back from Haakenstad, the clerk's office investigated his whereabouts. Haakenstad's probation officer told the clerk's office that he had absconded. Dkt. 11. On May 11, 2016, I dismissed Haakenstad's petition for failure to prosecute. Dkt. 12. I also explained in my order that I would dismiss the petition without prejudice and that Haakenstad could file a new petition. *Id.* Judgment was entered dismissing the petition without prejudice on the same day. Dkt. 13. Four months later, instead of filing a new petition, Haakenstad moved to vacate the May 2016 judgment. Dkt. 16. I denied the motion because Haakenstad had not presented anything that I had overlooked. Dkt. 18. In the order denying his motion, I explained again that the judgment was without prejudice to his filing a new petition. *Id.*

Haakenstad has not yet filed a new petition. He instead moves for reconsideration of my order denying his motion to vacate judgment. Dkt. 21. I will deny the motion as he does not present anything that I overlooked. Haakenstad also moves to file a new petition in a new case. Dkt. 22. I will grant that motion.

A. Motion for reconsideration

Haakenstad presents two erroneous arguments in his motion for reconsideration. First, Haakenstad contends that my April 2016 order instructing him to state how he wished to proceed—i.e., whether he wished to proceed with his unexhausted claim—was in error. This was so, he says, because he had already moved to dismiss his unexhausted claim. Dkt. 21. But the April 2016 order was to confirm whether Haakenstad understood the potential consequences of dismissing his own claim: each state prisoner has only one opportunity to pursue habeas relief in federal court. Dkt. 8, at 3. And the April 2016 order had nothing to do with the denial of his motion to vacate judgment. I denied his motion to vacate judgment because he had presented nothing that I had overlooked in dismissing the petition without prejudice, not because he failed to respond to the April 2016 order.

Haakenstad is also mistaken as to the deadline for filing a habeas petition. He apparently believes that he had run out of his time to file a new petition when he moved to vacate judgment and had I considered that fact, then I would have granted his motion to vacate. That is wrong; a new petition would have been timely if he had filed it when he moved to vacate judgment, and it would still be timely if he files it soon. Under 28 U.S.C. § 2244, a one-year period of limitation starts on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." A judgment becomes final after the time for filing a petition for certiorari with the United

States Supreme Court passes; that period to file a petition for certiorari is 90 days. *Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002). This 90-day tolling period applies even if the petitioner does not file a petition for certiorari. *Id.*

Here, according to Haakenstad's petition, the Wisconsin Court of Appeals affirmed his conviction on April 24, 2015. Dkt. 1, 2. The Wisconsin Supreme Court denied his petition for review on August 5, 2015. *Id.* Haakenstad's conviction became final 90 days later, on November 4, 2015, when his period to file a petition for certiorari with the United States Supreme Court expired. Thus, the one-year limitation period under 28 U.S.C. § 2244 started running on November 4, 2015. Accordingly, contrary to Haakenstad's belief, a new petition would have been timely if he had filed it when he moved to vacate judgment on August 29, 2016, and the deadline has still not run.

**B. Motion to open a new case**

Haakenstad alternatively requests that the court open a new case and that the court file in that case the same habeas petition that he had already filed in this case. Dkt. 22. Haakenstad explains in his letter that he has attempted to file a new habeas petition but he has been unable to do so because prison officials have denied him access to necessary documents and means to write a new petition. *Id.* Ordinarily, the petitioner, not the court, files a habeas petition to open a habeas case, but it is appropriate to afford leniency to Haakenstad, who is pro se. Haakenstad has shown that he misunderstood the court procedures and states that he has no means to file a new petition on his own; under these circumstances, he should not be deprived of his opportunity to litigate his habeas petition on the merits. The court will direct the clerk's office to open a new case with Haakenstad's petition, Dkt. 1, and his brief in support of his habeas petition, Dkt. 2. I will also direct the

3

clerk's office to send a copy of this order to Haakenstad's last known address. Haakenstad should pay his five dollar filing fee as soon as possible once he receives a copy of this order.

That leaves the issue of what I should do about his unexhausted claim. Although I warned him about the potential consequences of proceeding with his unexhausted claim, it is still unclear whether he understands the significance of proceeding with his unexhausted claim, and he still has not told the court how he wishes to proceed. I will allow him to file a letter indicating whether he wishes to exhaust state remedies before proceeding with his habeas petition.

But given the limited time remaining on his one-year habeas deadline, he no longer has the option of dismissing the entire case and refiling it later. Instead, he would need me to stay proceedings pending his exhaustion of state remedies. Under *Rhines v. Weber*, 544 U.S. 269, 277 (2005), district courts have discretion to grant a stay for a mixed petition—one containing both exhausted and unexhausted claims—where outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Id.* at 275. But the court may grant a stay only if the petitioner satisfies three requirements: (1) there was good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. *Id.* at 278. In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. *Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (reasoning that the petitioner ought to be able to file an application for state post conviction relief within 30 days and return to the federal court within 30 days

4

after state court exhaustion is completed); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (same); *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (same). But Haakenstad does not have 60 days.

Haakenstad may file a letter explaining that he has good cause for failure to exhaust state remedies. It appears that showing good cause would be difficult to do, given that it appears that Haakenstad wasted his chance to diligently exhaust state remedies by absconding. But nonetheless, I will give him a chance to explain his circumstances. Haakenstad should explain in his letter whether he did in fact abscond and the circumstances surrounding his failure to exhaust state remedies. If Haakenstad does not provide good cause or does not file a letter requesting a stay, then his habeas petition will proceed with his unexhausted claim.

ORDER

IT IS ORDERED that:

1. Petitioner Christopher Haakenstad's motion for reconsideration, Dkt. 21, is DENIED.

2. Petitioner's motion for opening a new case, Dkt. 22, is GRANTED.

3. The clerk's office is directed to open a new case with petitioner's habeas petition, Dkt. 1, and his brief in support of his habeas petition, Dkt. 2.

4. The clerk's office is directed to send a copy of this order to petitioner's last known address.

5. Petitioner has until November 14, 2016 to pay his five-dollar filing fee.

6. Petitioner has until November 14, 2016 to file a letter showing good cause for a stay.

Entered October 21, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge
